IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00092-GPG

THOMAS L. ROMERO,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Thomas L. Romero, has filed *pro se* a Complaint (ECF No. 1). The court must construe the Complaint liberally because Mr. Romero is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Romero will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court finds that the Complaint is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet

these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

   Mr. Romero fails to provide a short and plain statement of the grounds for the court's jurisdiction.  In other words, Mr. Romero fails to identify the specific statutory authority that allows the court to consider the claims he is asserting in this action.

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Mr. Romero alleges he is seeking judicial review of a decision by the Commissioner of Social Security denying his claim for social security benefits.  If so, the court has jurisdiction to consider his claim or claims pursuant to the Social Security Act.  Assuming Mr. Romero is seeking judicial review of a decision by the Commissioner of Social Security denying his claim for social security benefits, the proper Defendant is the Commissioner of Social Security and not the Social Security Administration.  *See* 20

C.F.R. § 422.210(d).   If Mr. Romero intends to assert some other claim or claims, he must identify the specific statutory authority that allows the court to consider the claim or claims.

Mr. Romero also fails to provide a short and plain statement of his claims showing he is entitled to relief.   He fails to allege clearly when the Commissioner denied his claim for social security benefits, the reason his administrative claim was denied, and why he believes the decision was erroneous.

For these reasons Mr. Romero will be ordered to file an amended complaint if he wishes to pursue his claims in this action.   In order to state a claim in federal court Mr. Romero "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."   *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).   In order to satisfy the requirements of Rule 8, Mr. Romero should attach to his amended complaint a copy of the Commissioner's decision denying his claim for social security benefits, if available, in addition to alleging the specific facts that support his claim as discussed above.

If Mr. Romero fails within the time allowed to file an amended complaint that complies with this order and the pleading requirements of the Federal Rules of Civil Procedure, the instant action will be dismissed without prejudice.   However, Mr. Romero

is warned that, even if the action is dismissed without prejudice, the dismissal may act as a dismissal with prejudice if the time for filing an action seeking review of the denial of social security benefits expires.  *See Rodriguez v. Colorado*, 521 F. App'x 670, 671-72 (10th Cir. 2013).   Pursuant to Section 205(g) of the Social Security Act, a civil action must be commenced "within sixty days after the mailing to him of notice of [any final decision of the Commission of Social Security] or within such further time as the Commissioner of Social Security may allow."   42 U.S.C. § 405(g).   Accordingly, it is

ORDERED that Mr. Romero file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.   It is

FURTHER ORDERED that Mr. Romero shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Romero fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED January 25, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge